RICHARD C. JOHNSON (SBN 40881)
KRISTEN McCULLOCH (SBN 177558)
SHAAMINI A. BABU (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
djohnson@sjlawcorp.com
kmcculloch@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OPERATING ENGINEERS' PENSION TRUST FUND, GIL CROSTHWAITE and RUSS BURNS, as Trustees,

Plaintiffs,

vs.

RICHARD S. TUCKER, INC., a California Corporation, and RICHARD S. TUCKER, as an individual,

Defendants.

Case No.: C08-3611 JCS

**COMPLAINT**

**INTRODUCTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C §§1001-1461 (1982)). Defendant Richard S. Tucker is the principal of Defendant Richard S. Tucker, Inc. (collectively "Defendants"). Defendant Richard S. Tucker, Inc. is a participating employer in the Operating Engineers' Pension Trust Fund ("Trust"). Plaintiffs allege that in January 2003 Defendants withdrew from participation in the Trust, which thereby triggered the Trust to assess withdrawal liability against Defendants in the sum of $8,550. By letter dated December 11, 2007, Plaintiffs notified Defendants of the assessed withdrawal liability and that payment thereof could be made in full or in four (4) quarterly payments beginning January 31,

2008. Under the statutory provisions of ERISA, the entire amount of withdrawal liability becomes immediately due and payable if Defendants default on their withdrawal liability payments. On April 29, 2008, Plaintiffs notified Defendants that it would be in default if it failed to cure its non-payment within sixty (60) day pursuant to ERISA. As of the filing of the Complaint, no withdrawal liability payment has been received by the Trust.

2. Plaintiffs, therefore, seek a money judgment against the Defendants and each member of its control group for an award of the entire assessed withdrawal liability plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendants to provide adequate information to ascertain the members of any control group.

**PARTIES**

3. The Trust is an employee benefit plan as defined in ERISA Section 3(3) (29 U.S.C. §1002(3)), an "employee benefit pension plan" as defined in of ERISA Section 3(2) (29 § U.S.C. 1002(2)); and a "multiemployer plan" as defined in ERISA Sections 3(37) and 4001(a)(3) (29 U.S.C. §§ 1002(37) and 1301(a)(3)). The Trust is jointly administered and is maintained pursuant to the Labor Management Relations Act Section 302(c) (29 U.S.C. § 186(c)).

4. Plaintiffs Gil Crosthwaite and Russ Burns are members of the Board of Trustees of Trust, the "plan sponsor" within the meaning of ERISA Sections 3(16)(B)(iii) and 4001(a)(10)(A) (29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)), and are therefore, fiduciaries of the Trust under ERISA Sections 3(21)(A) and 402(a) (29 U.S.C. § 1002(a)). As Trustees of the Trust they are empowered to bring this action on behalf of the Trust pursuant to ERISA Section 4301(a)(1) - (b) and § 502(a)(3) (29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) - (b)).

5. Defendant Richard S. Tucker, Inc. ("RSTI") is a California corporation, with its principal place of business located in Acampo, California. Defendant ("RSTI") is an employer within the meaning of ERISA Section 3(5) of (29 U.S.C. § 1002(5)) and National Labor Relations Act ("NLRA") Section 2(2) (29 U.S.C. § 152(2)), and is engaged in an industry affecting commerce within the meaning of ERISA Section 3(11) and (12) (29 U.S.C. § 1002(11) and (12)). Defendant Richard S. Tucker ("Tucker") is an employee of RSTI who was represented by the

Union, defined below, for the purposes of collective bargaining. Plaintiffs are informed and believe that Defendant Tucker owns, operates and controls Defendant RSTI. Defendants RSTI, Tucker, and all members of its control group, are treated as a single employer pursuant to ERISA Section 4001(b)(1) (29 U.S.C. §1301(b)). As such, each member of the control group is jointly and severally liable for their respective withdrawal liability and the withdrawal liability of each other member of the control group.

**JURISDICTION**

6. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of Sections 4301(c) and 502(e)(1) and (f) of ERISA (29 U.S.C. §§ 1451(c) and 1132(e)(1) and (f)). Plaintiffs seek to enforce the provisions of ERISA and the terms of the pension plan, seek redress for Defendants' violations of ERISA, and seek all other appropriate legal or equitable relief under ERISA.

**VENUE**

7. Venue is conferred upon this Court by ERISA Sections 4301(c) and 502(e)(1) (29 U.S.C. §§ 1451(d) and 1132(e)(2)). Where an action is brought under ERISA Sections 4301 and 502 (29 U.S.C. §§ 1451 and 1132) in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. The Trust, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

**FACTUAL ALLEGATIONS**

8. This action arises under the ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C §§ 1001-1461 (1982)).

9. Defendants were a participating employer in the Trust beginning in 1998 pursuant to a collective bargaining agreement ("Bargaining Agreement") with Operating Engineers Local Union. 3 ("Union"). The Union is a labor organization as defined in of the NLRA Section 2(5)

(29 U.S.C. § 152(5)) that represents employees in an industry affecting interstate commerce. Defendants were obligated to and did make contributions to Trust on behalf of their employees that were covered under that Bargaining Agreement.

10. On or about January 2003, Defendants made a complete withdrawal under ERISA Section 4203(b) (29 U.S.C. § 1383(b)) from participation in the Trust, which thereby made it liable to Trust for withdrawal liability.

11. By letter dated December 11, 2007, Plaintiffs notified Defendants of the withdrawal liability assessed against it pursuant to ERISA Sections 4201- 4203 (29 U.S.C. § 1381 et seq.).

12. Specifically, the Trust notified Defendants of the following in its December 11, 2007, letter:

(a) The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2002, as required by ERISA Sections 4211(b)(2)(A) (29 U.S.C. § 1391(b)(2)(A)).

(b) The withdrawal liability of Defendant in the amount of $8,550 was payable in quarterly installments as follows:

| | |
|---|---|
| January 31, 2008 | $2,565.00 |
| April 1, 2008 | $2,565.00 |
| July 1, 2008 | $2,565.00 |
| October 1, 2008 | $855.00 |

(c) Defendant could either pay the full amount as a lump sum or make the four (4) quarterly installment payments.

(d) Defendant had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA Section 4219(b)(2) (29 U.S.C. § 1399(b)(2)).

(e) Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that arbitration was timely requested under ERISA Section

4221(a) (29 U.S.C. § 1401(a)).

13. Defendant failed to make any of the required payments, request review, or initiate arbitration.

14. By a letter dated April 29, 2008, Plaintiffs notified Defendants that they were delinquent on all withdrawal liability installment payments due on January 31, 2008, and April 1, 2008. Further, Plaintiffs stated that Defendant would be in default if it failed to cure its non-payment within sixty (60) days and thus, the entire sum of $8,550 plus interest would become due pursuant to ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)) and the applicable trust agreements.

15. As of the filing of the Complaint, no withdrawal liability payments have been received by the Trust from the Defendants.

**FIRST CAUSE OF ACTION**

**For Payment of Entire Withdrawal Liability**

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

17. Defendants made a "complete withdrawal" from the Trust as that term is defined in ERISA Section 4203(a) (29 U.S.C. § 1383(a)).

18. Plaintiffs assessed withdrawal liability against Defendant and thereafter, provided the requisite sixty (60) day notice to cure pursuant to ERISA Section 4219(c)(5) of (29 U.S.C. § 1399(c)(5)).

19. To date, no payments have been received from Defendants and the sixty (60) day period for cure has elapsed. Thus, Defendants and each other member within their control group are in default under Sections 4219(c)(5) and 4001(b)(1) of ERISA (29 U.S.C. §§ 1399(c)(5)and 1301(b)).

20. In the event of default, Plaintiffs are entitled to accelerate withdrawal liability payment under ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)). Accordingly, Plaintiffs seek judgment against Defendants and each other member within their control group for the entire amount of the outstanding withdrawal liability due, plus accrued interest pursuant to ERISA

Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

21. ERISA Section 4301(b) (29 U.S.C. § 1451(b)) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA Section 515 (29 U.S.C. § 1145). Thus, Defendants and each other member within their control group are also liable for liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. § 1301(b) and 1132(g)(2)).

22. Plaintiffs, therefore, seek a money judgment against Defendants, and each member within their control group, awarding the entire assessed withdrawal liability plus interest, liquidated damages and costs, including attorneys' fees.

**SECOND CAUSE OF ACTION**

**Injunctive Relief**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22, above.

24. Defendants have further failed to provide the Trust with the information requested relating to the identity of each the member within its control group as required by ERISA Section 4219(a) (29 U.S.C. § 1399( a)).

25. The failure of Defendants to make the quarterly withdrawal liability payments in accordance with ERISA Section 4219(c)(2) (29 U.S.C. § 1399(c)(2)) has caused the Trust to sustain loss of investment income and incur administrative and legal expenses.

26. Defendants' failure to comply with the law has caused the Trust to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law. Thus, injunctive relief as prayed for below is proper.

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

1. For a judgment providing that Defendants RSTI, Tucker, and each member of its control group, are jointly and severally liable to immediately pay to Plaintiffs the following sums:

(i) the entire amount of the assessed withdrawal liability of $8,550.00

pursuant to ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5));

(ii) interest pursuant to ERISA Section 4219(c)(5)-(6) (29 U.S.C. § 1399(c)(5) and (6));

(iii) liquidated damages equal to the greater of:

(a) The accrued interest on the delinquent quarterly withdrawal liability payments not paid when due at the time of judgment, or

(b) An amount equal to twenty percent (20%) of the amount of delinquent quarterly withdrawal payments not paid when due at the time of judgment pursuant to ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. §§ 1451(b) and 1132(g)(2)); and

(iv) attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA Sections 4301(e) and 502(g) (29 U.S.C. §§ 1451(e) and 1132(g)).

2. For injunctive relief ordering Defendants to provide documentation of all trades or businesses which are within its control group as defined in ERISA Section 4001(b)(1) (29 U.S.C. § 1301(b)).

3. Such other relief as this Court deems appropriate.

Dated: July 28, 2008

SALTZMAN & JOHNSON LAW CORPORATION

By: ________________/s/____________________
Shaamini A. Babu
Attorneys for Plaintiffs